UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. DEYOE,

          Plaintiff,

   v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

          Defendant.

CASE NO.   C06-5119JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

      Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ erred in failing to find that Plaintiff's mental health condition met the Listing of Impairment; (2) the ALJ failed to properly evaluate Plaintiff's mental health impairment; (3) the ALJ failed to consider the effects of Plaintiff's medically determinable mental impairments in combination with the effects of his physical impairments on his residual functional capacity; (4) the ALJ erred in determining that Plaintiff's statements as to the degree of his impairments and limitations were not fully credible; (5) the ALJ's hypothetical question to the vocational expert was fatally flawed because it used incorrect physical restrictions and ignored Plaintiff's

ORDER
Page - 1

mental health impairment; and (6) the ALJ erred in determining that Plaintiff can perform his past relevant work as a parts manager.

After reviewing the record, the court finds and orders as follows:

1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

2. Plaintiff argues the ALJ erred when he failed to find that Mr. DeYoe's mental health condition met or equaled the listing of impairment under either 12.04 or 12.08. Plaintiff further argues the ALJ otherwise failed to properly assess and evaluated Mr. DeYoe's mental impairments. After reviewing the record, the court finds the ALJ did not err when he evaluated the medical evidence, specifically the mental impairments alleged by Plaintiff.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant

that conflicted with the treating physician's opinion.

The ALJ discussed the medical evidence related to Plaintiff's mental condition, including the reports by Dr. Hill (Tr. 46-47), Dr. Okey (Tr. 41), and Dr. Kole (Tr. 44-45). The ALJ noted that no medical sources concluded that Plaintiff met or equaled a listed impairment, and that based on the medical evidence, Plaintiff's mental impairment produced only mild restrictions in activities of daily living; mild to moderate difficulties in social functioning; mild difficulties maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration (Tr. 49).

Dr. Okey completed initial and discharge psychological evaluations in October and November 2002, assessing a pain disorder with both psychological factors and a general medical condition (Tr. 686-89, 694). Dr. Okey did not state any specific functional limitations based on Plaintiff's mental impairments, but the team discharge report found Plaintiff to be able to work in a full time sedentary position (Tr. 696). Dr. Okey assessed an initial Global Assessment of Functioning (GAF) score of 60 (Tr. 686) and a discharge GAF score of 65 (Tr. 694). (A GAF score of 61 to 70 indicates some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well.) Dr. Kole conducted a psychological examination of Plaintiff on February 8, 2003, as part of an independent Department of Labor and Industries evaluation (Tr. 840-57). Dr. Kole assessed adjustment disorder with dysphoric affect and passive dependent personality disorder, with a GAF score of 60 (Tr. 855).

Plaintiff's argument relies on the opinion of Dr. Hill, who evaluated Plaintiff in March 2004. Dr. Hill diagnosed pain disorder, adjustment disorder, psychological factors affecting physical various conditions, sleep disorder, rule/out learning disability, NOS, and probable personality disorder, NOS with histrionic and avoidant features (Tr. 1208-23). Dr. Hill assigned a GAF score of 50 (serious symptoms or any serious impairment in social, occupational, or school functioning), and opined that Plaintiff was "quite disabled" and that he was not capable of full time employment in any capacity (Tr. 1222-23).

Significantly, the ALJ considered Dr. Hill's opinion, but found it unconvincing (Tr. 47). First, the ALJ noted that despite Dr. Hill's purported agreement with Dr. Kole's assessment, Dr. Kole assessed relatively few limits and did not conclude that Plaintiff could not work (Tr. 47). Second, the ALJ noted that Dr. Hill apparently included consideration of Plaintiff's physical diagnoses in his opinion (see Tr. 1223), which Dr. Hill had no expertise in evaluating (Tr. 47). Third, the ALJ noted that while Plaintiff was

ORDER
Page - 3

somatically focused and dependent, such symptoms do not necessarily preclude performance of work. It is the ALJ's responsibility, not a physician's, to determine whether a claimant is disabled under the Social Security Act. Disability has both a medical and a vocational component. See 20 C.F.R. § 404.1560. A medical source does not have the expertise to comment on the vocational component of disability. Accordingly, a statement by a medical source that a person is "unable to work" should not carry much, if any, weight. See 20 C.F.R. § 404.1527(e)(1).

The contradicted opinion of an examining physician, such as Dr. Hill, may be rejected only for specific and legitimate reasons, and the uncontradicted opinion of an examining physician may be rejected only for clear and convincing reasons. Regennitter v. Commissioner, 166 F.3d 1294 (9th Cir. 1999). Here, the ALJ provided specific and legitimate reasons and his rejection of Dr. Hill's opinion is supported by substantial evidence. The specific medical reports cited by Plaintiff do not provide findings that the Listings criteria are met. Only Dr. Hill found Plaintiff not able to work, while the other examining psychologists found Plaintiff to have only moderate or mild symptoms and difficulties.

Plaintiff further argues that the ALJ erred by failing to complete a required Psychiatric Review Technique Form (PRTF) when he evaluated Plaintiff's mental impairments. Although at one time Social Security regulations required completion of this form by the ALJ, the current regulations do not require ALJ's to complete the PRTF. See 20 C.F.R. § 404.1520a(e). Here, as required, the ALJ properly made specific findings as to the degree of limitation in each of the four functional areas (Tr. 49).

In sum, the ALJ properly evaluated the medical evidence (both mental and physical) and concluded Mr. DeYoe suffers from only "mild limitations regarding daily living; mild to moderate limitations regarding social functioning; mild limitations regarding concentration, persistence, and pace; and no episodes of decompensation of extended duration." (Tr. 49).

3. The ALJ properly evaluated Mr. DeYoe's credibility. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not

ORDER
Page - 4

'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).

Here, the ALJ sufficiently explained his reasons for discrediting plaintiff's testimony or credibility with regard to his alleged disabilities and limitations. The ALJ noted that Plaintiff's motives were suspect and he often was noted to exaggerate his symptoms. Dr. Okey noted that Plaintiff "did not seem fully engaged or to fully 'buy in' to the concept" [pain management program approach] (Tr. 694), and Dr. Cole and Dr. Khamisani reported that Plaintiff's condition was due to pain behavior, symptom magnification, and non-physiological findings (Tr. 829). The ALJ further noted Plaintiff collected unemployment benefits for a year after he stopped working, suggesting he was actually willing and able to work during part of the same period in which he was claiming disability. The court finds the ALJ's reasons for discrediting plaintiff's testimony legally sufficient.

2. Finally, Plaintiff argues the administration failed to pose a hypothetical to the vocational expert that included all of Plaintiff's impairments and limitations and further erred in concluded that Plaintiff could perform his past work as a parts manager.

It is the administration's burden to show that the plaintiff can perform other substantial gainful work that exists in the national economy. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The ALJ's use or reliance on a Vocational Expert is a common method for establishing the existence of such jobs. *See* Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The ALJ's findings will be upheld where the weight of the medical evidence supports the hypothetical questions posed by the ALJ. Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986). A vocational hypothetical must set forth all the reliable limitations and restrictions of the particular claimant that are supported by substantial evidence. See Osenbrock, 240 F.3d at 1162-63; Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).

The ALJ did not err when he relied on the Vocational Expert's testimony in this matter. The hypothetical posed to the Vocational Expert in this matter contained all of the limitations and impairments properly considered by the ALJ. Plaintiff's argument that the ALJ failed to pose a proper hypothetical that

included all of Plaintiff's impairments is premised on the arguments that the ALJ erred when he evaluated the medical evidence and Plaintiff's credibility.  As discussed above, the ALJ did not err as argued by Plaintiff.   The Vocational Expert testified that a person with Mr. DeYoe's residual functional capacity, as assessed by the ALJ, could return to his past relevant work as a parts manager.  In addition, the Vocational Expert stated that Mr. DeYoe would be able to perform work as an Order clerk, a light deliveryman, or a cashier (Tr. 50-51).

       3. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

       DATED this 20th day of December 2006.

       */s/ J. Kelley Arnold*
       J. Kelley Arnold
       U.S. Magistrate Judge